# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBEY HAIRSTON, <br><br> Petitioner, <br><br> v. <br><br> STUART SHERMAN,[1] <br><br> Respondent. | Case No. 1:18-cv-01633-AWI-SAB-HC <br><br> FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS <br><br> ORDER DIRECTING CLERK OF COURT TO SUBSTITUTE RESPONDENT <br><br> (ECF No. 10) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

On July 5, 2017, Petitioner was convicted in the Kern County Superior Court of battery by a prisoner and sentenced to a determinate imprisonment term of four years. (LD[2] 1). Petitioner did not file an appeal or any state post-conviction collateral challenges. On November 9, 2018,[3] Petitioner constructively filed the instant federal petition for writ of habeas corpus. On

---

[1] Petitioner is currently housed at the California Substance Abuse Treatment Facility, where Stuart Sherman is the Warden. (ECF No. 10 at 1 n.1). Accordingly, the Court substitutes Stuart Sherman as Respondent in this matter. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).
[2] "LD" refers to the document lodged by Respondent on February 1, 2019. (ECF No. 12).
[3] Pursuant to the mailbox rule, a pro se prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988)). See also Rule 3(d), Rules Governing Section 2254 Cases. Respondent applied the mailbox rule in the motion to dismiss.

February 1, 2019, Respondent filed a motion to dismiss the petition was untimely and unexhausted. (ECF No. 10). Petitioner has not filed an opposition, and the time for doing so has passed.

## II.

## DISCUSSION

### A. Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

---

(ECF No. 10 at 2 n.2). The habeas petition itself was dated November 8, 2018. (ECF No. 1 at 6). However, attached to the petition were an application for restoration of credits and a request for certificate of probable cause dated November 9, 2018. (ECF No. 1 at 8, 10).

2

| 1 | In most cases, the limitation period begins running on the date that the petitioner's direct
| 2 | review became final or the expiration of the time for seeking such review. Here, Petitioner was
| 3 | sentenced on July 5, 2017, and did not file any appeal. Therefore, the judgment became final
| 4 | when Petitioner's time for seeking review expired on September 5, 2017,[4] sixty days after
| 5 | Petitioner was sentenced. See Cal. R. Ct. 8.308. The one-year limitation period commenced
| 6 | running the following day, September 6, 2017, and absent tolling, was set to expire on
| 7 | September 5, 2018. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R.
| 8 | Civ. P. 6(a)).

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). Here, however, Petitioner did not file any state post-conviction challenges to the pertinent judgment.

The limitation period also is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418. However, Petitioner has not made any showing that he is entitled to equitable tolling. Indeed, Petitioner failed to oppose this motion to dismiss in any way.

Petitioner constructively filed his federal habeas petition on November 9, 2018, approximately one month after the one-year limitation period expired on September 5, 2018. Accordingly, the instant federal habeas petition was not timely filed, and dismissal is warranted on this ground.

///

///

---

[4] Sixty days after Petitioner was sentenced was Sunday, September 3, 2017, which fell on a Sunday. The following Monday was Labor Day. Accordingly, the time for seeking review was extended to the next business day. See Cal. R. Ct. 1.10(a) ("The time in which any act provided by these rules is to be performed is computed by excluding the first day and including the last, unless the last day is a Saturday, Sunday, or other legal holiday, and then it is also excluded.").

**B. Exhaustion**

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999); <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971).

Petitioner did not file a direct appeal or any state post-conviction challenges to the pertinent judgment. As Petitioner has not sought relief in the California Supreme Court, this Court cannot proceed to the merits of the petition. 28 U.S.C. § 2254(b)(1). Accordingly, dismissal also is warranted on this ground.

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that Respondent's motion to dismiss (ECF No. 10) be granted and the petition for writ of habeas corpus be dismissed.

Further, the Clerk of Court is DIRECTED to substitute Stuart Sherman as Respondent in this matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling

pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**March 22, 2019**__

UNITED STATES MAGISTRATE JUDGE